UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REGINE PIERRE,

                Plaintiff,                MEMORANDUM
                                                  AND ORDER
     -against-
                                                  12 CV 972 (RML)
JACK COOPER TRANSPORT COMPANY,
INC., and SABIOUS ROBERTS,

                Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636. Plaintiff Regine Pierre ("plaintiff") commenced this personal injury action in the Supreme Court of the State of New York, Kings County, in January 2012. This case arises out of a motor vehicle accident that occurred on December 1, 2010, at or near the intersection of Ocean Parkway and Sherman Street in Brooklyn, New York. (Complaint, dated Jan. 24, 2012 ("Compl."), ¶ 20.) Plaintiff alleges that defendant Sabious Roberts ("Roberts"), while in the scope of his employment with defendant Jack Cooper Transport Company, Inc. ("Cooper Transport"), hit plaintiff's vehicle and caused plaintiff to sustain severe and permanent injuries. (Id. ¶¶ 20–21, 24.)

        On February 29, 2012, defendants removed the action to this court on diversity grounds. (See 28 U.S.C. § 1332(a); Petition for Removal, dated Feb. 23, 2012). Plaintiff now moves to remand this case to state court. At issue is the domicile of defendant Roberts.[1]

---

[1] There is no dispute that Cooper Transport is a Missouri corporation with its principal place of business in Kansas City, Missouri. (See Affidavit of Gary Schiefelbein, sworn to June 11, 2012, ¶¶ 1, 5–9.) For purposes of diversity jurisdiction, a corporation's citizenship is based

(continued...)

According to plaintiff, Roberts is a New York resident. Defendants maintain that Roberts is domiciled in Florida. I conducted a factual hearing on August 14, 2012. (See Transcript of Hearing, dated Aug. 14, 2012 ("Tr.").)

Diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[C]itizens of different States" means that there must be complete diversity, i.e., that each plaintiff's citizenship must be different from the citizenship of each defendant. See, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Whenever removal of an action to federal court is contested, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)).

For purposes of diversity jurisdiction, a party's citizenship depends on his or her domicile. See, e.g., Gilbert v. David, 235 U.S. 561, 569 (1915). Domicile has been described as the place where a person has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3612, at 526 (2d ed. 1984). Thus, determining one's domicile depends on two factors: (1) residence in fact, and (2) the intent to remain indefinitely. See

---

[1](...continued)
on its principal place of business. Carbotrade S.p.A. v. Bureau Veritas, 99 F.3d 86, 92 n.2 (2d Cir. 1996).

Weber v. Paduano, No. 02 CV 3392, 2003 WL 22801777, at *6 (S.D.N.Y. Nov. 25, 2003) (citing Miss. Band of Choctow Indians v. Holyfield, 490 U.S. 30, 48 (1989)). To determine a party's domicile, courts look at a variety of factors, including voter registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; and other relevant factors. Id., 2003 WL 22801777, at *6. The outcome depends on the totality of the evidence, and no single factor is controlling. E.g., Scotto v. Derani, No. 09 CV 3642, 2010 WL 3394390, at *2 (E.D.N.Y. July 28, 2010).

Roberts is not a United States citizen and therefore is not registered to vote. (Defs.' Response to Pl.'s Post–Deposition Demands, dated Oct. 12, 2012 ("Defs.' Response"), ¶ 4.) At the hearing, Roberts testified that he does not own any real estate (Tr. at 3), but that he owns two vehicles, both of which are registered and insured in Florida (id. at 8; see also Defs.' Response, Ex. 1), and has a Florida driver's license (id. at 60). He stated that when he is not on the road, he lives in Tampa, Florida with his girlfriend of twelve years (id. at 12, 20, 37), in a home that she owns (id. at 40), and that he contributes to the mortgage payments on the Florida property (id. at 51) and keeps all of his personal belongings there (id. at 64). He further explained that he often visits his two children, ages twenty-one and fourteen, who live in Brooklyn with their mother, when he is assigned trucking jobs out of the terminal in Port Newark, New Jersey (id. at 25, 31), but that he does not sleep in their home (id. at 33) or keep any of his personal possessions there (id. at 65). Finally, Roberts testified that he receives mail both in Florida and in Brooklyn, but that his bank statements and insurance documents are sent to

his Florida address. (Id. at 46.) Cooper Transport also sends Roberts's paychecks to the Florida address. (Affidavit of Gary Schiefelbein, sworn to June 11, 2012, ¶ 11; Defs.' Response, Ex. 2.)

I found Roberts credible and therefore conclude that he is domiciled in Florida, and that defendants have met their burden of establishing complete diversity. Accordingly, plaintiff's motion for remand is denied.

Counsel are directed to appear before me for a telephone status conference on Friday, January 11, 2013 at 11:30 a.m.

SO ORDERED.

Dated: Brooklyn, New York
December 13, 2012

/s/
ROBERT M. LEVY
United States Magistrate Judge